DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Erica Feynman Aisner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

AFFAIRS AFLOAT, INC.

                Debtor.
--------------------------------------------------------X

Chapter 11
Case No. 13-13356 (BRL)

## DECLARATION OF PETER LERNER PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

PETER LERNER, being duly sworn, deposes and says:

1.     I am the President and 100% shareholder of Affairs Afloat, Inc. (the "Debtor").  I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New.

## BACKGROUND

2.     The Debtor is engaged in the business of owning and operating a Passenger cruise boat known as *The Star of Palm Beach* (the "The Star").

3.     The Debtor has been operating a local New York Harbor sightseeing and special event business aboard a passenger ferry since 1999.  The events serve diverse groups of New Yorkers from schools and "Kiddie Cruises with Parents" to after work events.

1

13-13356-brl    Doc 6    Filed 10/25/13    Entered 10/25/13 14:19:38    Main Document
Pg 2 of 12

4.     The Debtor has experienced a downturn in income as a result of a number of primary overlapping issues as follows:  The delayed start of two Seasons in 2011 and 2012 due to maintenance issues which were resolved; the events of Hurricane Sandy in 2012 canceled the majority of Fall and Winter business, costing over $150,000 in income losses and clientele which were never recovered or returned; a delayed start to the 2013 Season due to servicing vessel and cash flow; the loss of dockage at a Public Pier in NYC where the Debtor's vessel was berthed for ten years.  The loss of the local dockage rights from the Hudson River Trust caused the Debtor to pay for overnight dockage in Brooklyn and pick up and drop off dockage in the City for its events, resulting in over $100,000 in additional costs.

5.     The primary reason the Debtor is seeking the protections of Chapter 11 is to protect its most valuable asset, the Star, while seeking financing alternatives or a sale of The Star.

6.     Pending such strategic transaction, the Vessel is being maintained and insured and kept current with all required US Coast Guard and other necessary certifications.

7.     The Debtor intends to utilize the Chapter 11 process to restructure its secured and unsecured debt. The Debtor is confident that proceeding in Chapter 11 is in the best interest of the Debtor, its estate and the creditors as a whole.

8.     The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as a debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II

### INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

9.      In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

#### Local Rule 1007-2(a)(1)

10.     The Debtor's offices are located at 1632 York Avenue, New York, NY ("Office"). The Debtor is engaged in the business of owning and operating a luxury rental cruise boat known as *The Star*, which is located at New York, New York.

#### Local Rule 1007-2(a)(2)

11.     This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

#### Local Rule 1007-2(a)(3)

12.     Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

#### Local Rule 1007-2(a)(4)

13.     A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

14.    The Debtor has three secured creditors: (i) HSBC Bank USA, National Association in the amount of approximately 275,000; (ii) Small Business Administration in the amount of approximately $400,000; and (iii) Afloat NYC Inc. (disputed) in the amount of approximately $325,000.

**Local Rule 1007-2(a)(6)**

15.    A summary of the Debtor's assets and liabilities will be filed with the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs on October 30, 2013.

**Local Rule 1007-2(a)(7)**

16.    There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

17.    None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

18.    The Debtor is  party to several leases relating to its office space and dock sites. A schedule of leases will be provided with the Debtor's Schedules of Assets and Liabilities on October 30, 2013.

**Local Rule 1007-2(a)(10)**

19.    The Debtor's books and records and substantial assets are located at the Office.

**Local Rule 1007-2(a)(11)**

20.    The following litigation is pending against the Debtor:

*Hobbs v. Affairs Afloat, Inc., Et Al.,* U.S. District Court, SDNY, Index No. 11-2844.

4

**Local Rule 1007-2(a)(12)**

21.    The Debtor is currently managed by Deponent and Steven Salsberg who has done so since 1999. Deponent and Mr. Salsberg are responsible for all of the Debtor's operations.

**Local Rule 1007-2(b)(1) and (2)**

22.    The Debtor's estimated weekly payroll and payments to officers, stockholders, and directors for the thirty (30) day period following the Chapter 11 petition is $ -0- .

23.    The Debtor's estimated payroll to employees for the thirty (30) day period following the Chapter 11 petition is $20,000.

**Local Rule 1007-2(b)(3)**

24.    A schedule, for the 30 day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule II**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

*/s/ Peter Lerner*
Peter Lerner, President

5

## SCHEDULE I

### TWENTY LARGEST UNSECURED CREDITORS

See Attached

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re   Affairs Afloat, Inc.

Debtor(s)

Case No.   13-13356

Chapter   11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br><br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| NYS Sale Tax Processing<br>JAF Building<br>P.O. Box 1208<br>New York, NY 10116-1208 | NYS Sale Tax Processing<br>JAF Building<br>P.O. Box 1208<br>New York, NY 10116-1208 | | | 41,451.00 |
| 500 East Ltd.<br>Gregory C. Soumas, Esq.<br>377 Broadway<br>New York, NY 10013 | 500 East Ltd.<br>Gregory C. Soumas, Esq.<br>377 Broadway<br>New York, NY 10013 | | | 35,798.50 |
| SANDRA GREER R.E. ,INC.<br>201 EAST 77TH STREET<br>New York, NY 10075 | SANDRA GREER R.E. ,INC.<br>201 EAST 77TH STREET<br>New York, NY 10075 | | | 35,348.50 |
| Joyce Moy | Joyce Moy | | | 28,000.00 |
| Anthony Mazza<br>5519 30th Place NW<br>Washington, DC 20015 | Anthony Mazza<br>5519 30th Place NW<br>Washington, DC 20015 | | | 20,000.00 |
| Midtown Loft<br>267 Fifth Avenue<br>#100<br>New York, NY 10016 | Midtown Loft<br>267 Fifth Avenue<br>#100<br>New York, NY 10016 | | | 16,000.00 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | | | 12,326.00 |
| BillyBey Ferry Company<br>Jonathan Figueroa<br>4800 Ave at Port Imperial Blvd<br>Weehawken, NJ 07086 | BillyBey Ferry Company<br>Jonathan Figueroa<br>4800 Ave at Port Imperial Blvd<br>Weehawken, NJ 07086 | Dock Lease Arrears | | 10,500.00 |
| NYS Department of Tax &Finance<br>Bankruptcy/Special Procedures<br>15 MetroTech Center 5th Floor<br>Brooklyn, NY 11201 | NYS Department of Tax &Finance<br>Bankruptcy/Special Procedures<br>15 MetroTech Center 5th Floor<br>Brooklyn, NY 11201 | | | 7,852.00 |
| JOSHUA E ABRAHAM, ESQ.<br>380 MADISON AVENUE<br>22ND FLOOR<br>New York, NY 10017 | JOSHUA E ABRAHAM, ESQ.<br>380 MADISON AVENUE<br>22ND FLOOR<br>New York, NY 10017 | | | 7,454.50 |

B4 (Official Form 4) (12/07) - Cont.

In re   Affairs Afloat, Inc.                                          Case No.    13-13356
_____
Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| Captains Courageous | Captains Courageous | | | 6,258.43 |
| GOODSELL MARINE INC<br>234 BETTES AVE<br>Bronx, NY 10473 | GOODSELL MARINE INC<br>234 BETTES AVE<br>Bronx, NY 10473 | | | 6,250.00 |
| STONEWALL SOLUTIONS<br>LLC<br>TWO STONEWALL CIRCLE<br>West Harrison, NY 10604 | STONEWALL SOLUTIONS LLC<br>TWO STONEWALL CIRCLE<br>West Harrison, NY 10604 | | | 6,000.00 |
| NYS Unemployment<br>Insurance Fund<br>P.O. Box 551<br>Albany, NY 12201 | NYS Unemployment<br>Insurance Fund<br>P.O. Box 551<br>Albany, NY 12201 | | | 5,504.00 |
| FINO<br>1 WALL STREET CT<br>New York, NY 10005 | FINO<br>1 WALL STREET CT<br>New York, NY 10005 | | | 5,420.00 |
| Studio 450<br>450 W. 31st Street<br>New York, NY 10001 | Studio 450<br>450 W. 31st Street<br>New York, NY 10001 | | | 5,000.00 |
| Metro New York Inc.<br>120 Broadway<br>6th Floor<br>New York, NY 10271 | Metro New York Inc.<br>120 Broadway<br>6th Floor<br>New York, NY 10271 | | | 4,700.00 |
| KENNY STEARNS<br>ZONGHETTI LLC<br>26 BROADWAY<br>27TH<br>New York, NY 10004 | KENNY STEARNS ZONGHETTI LLC<br>26 BROADWAY<br>27TH<br>New York, NY 10004 | | | 4,556.10 |
| MANDY FORLENZA | MANDY FORLENZA | | | 4,500.00 |
| Action Environmental Services<br>P.O. Box 2698<br>Newark, NJ 07114 | Action Environmental Services<br>P.O. Box 2698<br>Newark, NJ 07114 | | | 4,272.02 |

# DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Chairman of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   October 25, 2013                          Signature  _____

Peter Lerner
Chairman

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

## SCHEDULE II

### 30 DAY INCOME AND EXPENSE PROJECTION

See Attached

12:39 PM
04/24/13
Accrual Basis

# AFFAIRS AFLOAT, INC.
# Profit & Loss
### January through December 2013

|  | W/E 10/18 | W/E 10/25 |
|---|---|---|
| **Income Collected** | 4,700 | 3,500 |
| **Total Cash Received** | 4,700 | 3,500 |
|  |  |  |
| **Expenses to Be paid** |  |  |
| BEVERAGE |  | 3,000 |
| DJ/ENTERTAINMENT |  | 500 |
| LAND SPACE RENTAL |  |  |
| LABOR COSTS |  |  |
| LIQUOR |  |  |
| MARINE EXPENSES |  | 3,000 |
| OTHER COST OF GOODS SOLD |  |  |
| ADVERTISING | 500 | - |
| INSURANCE - MARINE | - | 5,400 |
| INSURANCE - HEALTH | - | 8,208 |
| INTERNET CHARGES | - | - |
| PROFESSIONAL FEES | 1,500 | - |
| RENT - DOCKAGE** | 10,000 | 6,000 |
| RENT - OFFICE | - | - |
| REPAIRS & MAINT/ TONY WINTER | 1,250 | 1,250 |
| STORAGE | 275 | - |
| UTILITIES | - | - |
| LABOR COSTS - GENERAL AND ADMIN | 4,460 | 4,460 |
| HSBC | - | - |
|  |  |  |
| **Total Cash paid out** | 17,985 | 31,818 |
|  |  |  |
| **Cash Deficit per week** | (13,285) | (28,318) |
|  |  |  |
| **Cummulative Deficit** |  | (41,603) |

**At some point during this period we
may need $20,000 to settle with the Piers

12:39 PM
04/24/13
Accrual Basis

# AFFAIRS AFLOAT, INC.
## Profit & Loss
### January through December 2013

|  | W/E 11/1 | W/E 11/8 |
|---|---|---|
| **Income Collected** | 12,000 | - |
| **Total Cash Received** | 12,000 | - |
|  |  |  |
| **Expenses to Be paid** |  |  |
| BEVERAGE |  |  |
| DJ/ENTERTAINMENT | 1,500 |  |
| LAND SPACE RENTAL |  |  |
| LABOR COSTS | 3,750 |  |
| LIQUOR |  |  |
| MARINE EXPENSES |  |  |
| OTHER COST OF GOODS SOLD |  |  |
| ADVERTISING | - | - |
| INSURANCE - MARINE | - | - |
| INSURANCE - HEALTH | 2,329 | 6,601 |
| INTERNET CHARGES | 670 | - |
| PROFESSIONAL FEES | - |  |
| RENT - DOCKAGE** |  | 5,000 |
| RENT - OFFICE | 3,675 | - |
| REPAIRS & MAINT/ TONY WINTER | 1,250 | 1,250 |
| STORAGE | 275 | - |
| UTILITIES | 250 | - |
| LABOR COSTS - GENERAL AND ADMIN | 4,460 | 4,460 |
| HSBC | - | 2,400 |
|  |  |  |
| **Total Cash paid out** | 18,159 | 19,711 |
|  |  |  |
| **Cash Deficit per week** | (6,159) | (19,711) |
|  |  |  |
| **Cummulative Deficit** | (47,762) | (67,473) |

**At some point during this period we
may need $20,000 to settle with the Piers

12:39 PM
04/24/13
Accrual Basis

# AFFAIRS AFLOAT, INC.
## Profit & Loss
### January through December 2013

| | W/E 11/15 | W/E 11/22 |
|---|---|---|
| **Income Collected** | - | - |
| **Total Cash Received** | - | - |
| | | |
| **Expenses to Be paid** | | |
| BEVERAGE | | |
| DJ/ENTERTAINMENT | | |
| LAND SPACE RENTAL | | |
| LABOR COSTS | | |
| LIQUOR | | |
| MARINE EXPENSES | | |
| OTHER COST OF GOODS SOLD | | |
| ADVERTISING | - | - |
| INSURANCE - MARINE | - | 5,400 |
| INSURANCE - HEALTH | - | - |
| INTERNET CHARGES | - | - |
| PROFESSIONAL FEES | 5,000 | - |
| RENT - DOCKAGE** | | 5,000 |
| RENT - OFFICE | - | - |
| REPAIRS & MAINT/ TONY WINTER | 1,250 | 1,250 |
| STORAGE | - | - |
| UTILITIES | - | - |
| LABOR COSTS - GENERAL AND ADMIN | 4,460 | 4,460 |
| HSBC | - | - |
| | | |
| **Total Cash paid out** | 10,710 | 16,110 |
| | | |
| **Cash Deficit per week** | (10,710) | (16,110) |
| | | |
| **Cummulative Deficit** | (78,183) | (94,293) |

**At some point during this period we
may need $20,000 to settle with the Piers